NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELECTRA-MED CORPORATION, A2A
INTEGRATED LOGISTICS, INC., ZILLION
SOLUTIONS, INC., ALLIANT ENTERPRISES, LLC,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES, AMERICAN MEDICAL DEPOT,
MEDLINE INDUSTRIES, INC.,**
*Defendants-Appellees*

**KREISERS, LLC,**
*Defendant*

---

2019-1266

---

Appeal from the United States Court of Federal Claims
in No. 1:18-cv-00927-EGB, Senior Judge Eric G. Bruggink.

---

Decided: October 29, 2019

---

ERIC CRUSIUS, Holland & Knight LLP, Tysons, VA, argued for all plaintiffs-appellants. Also represented by AMY
LYNN NOVAK FUENTES, GREGORY R. HALLMARK; DAVID S.
BLACK, McLean, VA; MARY BETH BOSCO, Washington, DC.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee United States. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

ROBERT JOSEPH SNECKENBERG, Crowell & Moring, LLP, Washington, DC, argued for defendant-appellee American Medical Depot. Also represented by AMY LADERBERG O'SULLIVAN.

KRISTEN ITTIG, Arnold & Porter Kaye Scholer LLP, Washington, DC, argued for defendant-appellee Medline Industries, Inc. Also represented by MICHAEL EDWARD SAMUELS.

———————————

Before LOURIE, CLEVENGER, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Electra-Med Corporation, A2A Integrated Logistics, Inc., Zillion Solutions, Inc., and Alliant Enterprises, LLC (collectively, "Electra-Med" or "Plaintiffs") appeal a judgment of the Court of Federal Claims ("Claims Court") refusing to grant injunctive relief in a bid protest case.

The background of the case is as follows. On February 24, 2016, the Department of Veterans Affairs ("VA") awarded four contracts to American Medical Depot, Medline Industries, Inc., Kreisers, LLC, and Cardinal Health 200, Inc. The entities are referred to as "Prime Vendors." Each contract covers a distinct geographic area in the United States and requires the corresponding Prime Vendor to stock, store, and distribute medical supplies from a "Master List" (also known as the "formulary") against which VA hospitals place orders. These contracts were part of a 2016 effort by the VA to centralize its supply chain and to restrict ordering exclusively to the Master List in

order to ensure that supplies are properly tracked and compliant with safety regulations.

Originally, the VA expected to populate the Master List itself by entering into contracts directly with suppliers. After a number of attempts at vendor solicitation between 2016 and 2018, however, the Master List still contained only a small fraction of the approximately 80,000 items necessary to fully support the VA's healthcare network. In order to rapidly enlarge the number of items on the Master List, the VA decided to outsource the selection of suppliers to its four Prime Vendors by changing the Prime Vendor contracts from "distribution" to "distribution and supply." J.A. 1162.

In March 22, 2018, the VA issued a Class Justification and Approval ("J&A") under 41 U.S.C. § 3304(e)(1)(A) to explain its use of non-competitive procedures for the modification of the Prime Vendor contracts. The J&A explained that the Prime Vendors were positioned to immediately add items to the Master List because "they already ha[d] established commercial contracts with suppliers." J.A. 121. The period of performance on the contracts was extended to 24 months, set to expire in April of 2020. The Prime Vendors agreed to the modification and the contracts were executed in April and May of 2018.

On June 27, 2018, Electra-Med, a group of service-disabled, veteran-owned small businesses, filed a complaint in the Claims Court challenging the J&A as legally insufficient to justify the non-competitive sourcing and sought to enjoin the contract modification. Three of the four Prime Vendors—Medical Depot, Medline Industries, Inc., Kreisers, LLC—intervened. The Claims Court found that the contract modification was an "end-run" around the Competition in Contracting Act ("CICA") and was also a violation of the VA's obligation under 38 U.S.C. § 8127 to consider veteran-owned small businesses for award of contracts. The government does not now dispute the

Claims Court's conclusions that the contracts violated various statutory requirements.  The sole issue on appeal is remedy.

Despite these statutory violations, the Claims Court denied an injunction to Electra-Med based on the significant public harm that would result if the VA's medical supply chains were disrupted, "impact[ing] the health, safety, quality and timeliness of care to Veterans." J.A. 8 (quoting J&A, J.A. 120)  The Claims Court also found that Electra-Med's injury—the loss of the opportunity to compete for a government contract—though irreparable, was temporary and speculative, not weighing heavily in favor of an injunction.  The Claims Court emphasized that the contract modification was temporary and that there were only 18 months left of the contract term.  Electra-Med appeals the denial of injunctive relief.

I

We review a Claims Court's denial of an injunction for abuse of discretion.  *See, e.g., Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982, 991 (Fed. Cir. 2018); *PGBA, LLC v. United States*, 389 F.3d 1219, 1223 (Fed. Cir. 2004).  The public interest is a central consideration of determining whether an injunction is appropriate.  *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." (citing *R.R. Comm'n. v. Pullman Co.*, 312 U.S. 496, 500 (1941)).  We conclude that the Claims Court did not abuse its discretion in view of the public interest factor and the limited period remaining on the contracts.  Indeed, as of the date of argument on appeal, the contracts at issue only had six months remaining.  In view of the significant public interest factor of patient safety and the brevity of the remaining term, and without deciding the question of the extent of Electra-Med's irreparable injury, we find that the Claims Court did not abuse

its discretion in denying the injunction, and affirm the denial of the injunction.

II

The question remains, however, as to whether we should remand to the Claims Court. On appeal, the VA emphasized the fact that the contract modifications are "a temporary measure," U.S. Br. 19, and that, under the new Prime Vendor contracts, supply acquisition will "essentially go[] back to the original intended process" with "Prime Vendors doing the distribution" and "the Master List [being] populated [by the VA] with a variety of measures, including blanket purchase agreements." Oral Arg. 19:54–20:23, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2019-1266%20%282%29.MP3.

We note, however, that the modified Prime Vendor contracts appear to have an additional options period that would allow the contracts to be extended past April 2020. One of the Prime Vendors indicated at oral argument that there is a possibility that such an extension may be necessary for the government to complete its current solicitation for new Prime Vendors and suppliers. We thus remand the case to the Claims Court to hold the challenge in abeyance in case the government elects to exercise the option and extends the contract period, while continuing to fail to comply with its obligations under CICA and 38 U.S.C. § 8127 after the expiration of the current contracts. A remand is necessary because the government's exercise of the option may not be considered a new procurement, creating a situation where Electra-Med could be prevented from challenging this term extension in a new proceeding. *See Coast Prof'l, Inc. v. United States, Fin. Mgmt. Sys., Inc.*, 828 F.3d 1349, 1355–56 (Fed. Cir. 2016) (an extension of a contract by option is not typically a new procurement). Moreover, if the government elects to continue the procurement past April of 2020, a different issue will be presented as to the

appropriateness of injunctive relief for the period after April 2020.

The decision of the Claims Court is affirmed to the extent that it denied an injunction for the contract terms expiring in April 2020, and the case is remanded for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED**

Costs

No costs.